SAMUEL H. KELLEY v. BESSIE CRAILSHEIMER.

Decided November 12, 1926.

**Contracts—Commission For Procurement of Funds to be Secured by Mortgage—Contract was For Single Mortgage—This was Procured—Defendant Then Alleged That the Understanding was That There Were to be Two Mortgages—Held, That Contract was Explicit and Its Terms Cannot be Varied by Parole.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *John C. Reed.*

*Contra, Carlton Godfrey* and *William I. Garrison.*

PER CURIAM.

The plaintiff, a real estate and loan broker doing business in Atlantic City, brought this action to recover damages for

the breach of a contract entered into between himself and the defendant, one Bessie Crailsheimer, and, on the trial, a verdict was directed in his favor. The latter is the owner of the Lenox apartments, in Atlantic City. The undisputed proofs are that she desired to borrow the sum of $100,000 upon this property, and that she entered into an agreement with the plaintiff looking to the accomplishment of this pur- pose, the pertinent part of which is as follows: "The under- signed desires to borrow $100,000 for the period of a year, and hereby authorizes Samuel H. Kelley to sell a bond and mortgage of the amount of $100,000, Building and Loan, A. C. B. and Loan for said amount, and allow and pay Samuel H. Kelley a commission of two per cent. on the amount of said bond for services rendered in effecting the sale, mort- gaging as security for said loan the property herein described." Then follows a description of the Lenox apartments. The building and loan association referred to in this contract is conceded to be the Atlantic City Building and Loan Associa- tion. The plaintiff, in the performance of the obligation imposed upon him by the contract, applied to this associa- tion to make a loan to the defendant of the amount of $100,000, to be secured on the Lenox apartments, and the association agreed to do this, subject to certain provisions of its by-laws and charter, and, for the purpose of carrying out its agreement, the association submitted to the defendant a written application to it for a loan of the $100,000 upon the terms on which it had offered to make it, and the de- fendant signed the same. She afterward refused to accept the loan, stating as a reason therefor that what she really wanted was two mortgage loans, one for $40,000 on a building and loan mortgage and the other for $60,000 on a straight mort- gage, and that the plaintiff understood this when he was employed by her as her broker. The reason for her refusal to accept the loan constitutes no bar for the plaintiff's right to recover the compensation provided by his contract. By that instrument the plaintiff was authorized to negotiate for a loan of $100,000, to be secured by a single bond and mortgage, and she cannot vary the provisions of that contract

or avoid the obligation imposed upon it by her claim that the plaintiff was to acquire for her two separate loans upon the property.

This was the view of the respective rights and obligations of the parties which was held by the trial court, and led the court to direct a verdict in favor of the plaintiff for the amount of his commission.

For the reason indicated, we consider that the direction was proper, and that the rule to show cause should be discharged.